IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID CANTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-11-1432-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits and supplemental security income benefits under the Social Security Act. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On January 29, 2013. the Magistrate Judge filed a Report and Recommendation [Doc. No. 21] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected to that recommendation, the matter is reviewed *de novo.*

This Court's review of the Commissioner's decision is limited, as the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Bowman v. Astrue,* 511 F.3d 1270, 1272 (10th Cir. 2008); *Washington v. Shalala*, 37 F.3d 1437, 1439-40 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record,"

constitutes a mere conclusion, or amounts to no more than a mere scintilla. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

In this case, the Magistrate Judge found that the Administrative Law Judge ("ALJ") correctly applied the applicable regulations to the evidence in the record in concluding that the plaintiff was not eligible for disability and supplemental security income benefits. The Magistrate Judge also found that the decision is supported by substantial evidence.

In his objections to the Report and Recommendation, Plaintiff reiterates the contentions asserted and considered by the Magistrate Judge in his review of the parties' respective briefs. Plaintiff contends that the ALJ erred in his assessment of Plaintiff's credibility because his decision includes mere "boilerplate" language contained in Social Security regulations, and courts have rejected the propriety of relying only on that language. Plaintiff also argues that the ALJ erred in failing to consider the opinions of Plaintiff's physicians and in assessing his residual functional capacity and physical limitations.

These arguments were considered and rejected by the Magistrate Judge in the Report and Recommendation. As he discussed in detail, Plaintiff is correct that the Tenth Circuit and other courts have held an ALJ's determination regarding credibility is inadequate if his decision merely recites the boilerplate language contained in the Social Security regulations. *See, e.g., Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004). Plaintiff contends that the ALJ inadequately assessed Plaintiff's credibility because the decision contains the following boilerplate language:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Transcript, at p. 33.  According to the Tenth Circuit, "[s]uch boilerplate language fails to inform us in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible." *Id.*

Contrary to Plaintiff's contention, however, the Tenth Circuit has not held that including the boilerplate language is *per se* error.  Instead, the ALJ must support the conclusion set forth in that language by identifying "the specific evidence he relies on in evaluating the claimant's credibility." *Keyes-Zachary v. Astrue,* 695 f.3d 1156, 1167 (10th Cir. 2012) (citing *Qualls v. Apfel*, 206 f.3d 1368, 1372 (10th Cir. 2000)).  Accordingly, inclusion of the boilerplate language is permissible so long as it is also supported by the ALJ's factual findings based on the evidence.

In this case, the Court agrees with the Magistrate Judge that the ALJ included the necessary factual findings.  As discussed at pages 9-11 of the Report and Recommendation, the ALJ reviewed Plaintiff's own explanation of his daily activities and concluded that this explanation is not consistent with Plaintiff's other statements regarding the level of pain he suffered or his claimed limitations.  The ALJ included specific references to evidence in the record in support of this conclusion.  The Court agrees with the Magistrate Judge that the ALJ's inclusion of boilerplate language was not error because, as required by the Tenth Circuit, he also included evidentiary findings to support that language.

Plaintiff also contends the ALJ erred in his conclusions regarding Plaintiff's residual functional capacity ("RFC").  Plaintiff argues that the ALJ failed to consider Plaintiff's subjective complaints and the opinions of his treating physicians.  As discussed at page 12 of the Report and Recommendation, the ALJ's decision reflects that, contrary to Plaintiff's contentions, the ALJ discussed the medical evidence and the opinions of Plaintiff's treating physicians as well as

Plaintiff's subjective complaints. In doing so, the ALJ explained the weight afforded to the medical opinions, including his reasons for giving greater weight to some opinions than to those of others. The Court agrees that there was no error in this analysis.

Additionally, Plaintiff contends that the ALJ erred in the RFC assessment because he did not give sufficient consideration to his physician's opinion regarding bilateral carpal tunnel syndrome and the physical limitations resulting from that condition. As the Magistrate Judge explained, however, the ALJ's decision reflects that he discussed the bilateral carpal tunnel syndrom diagnosis and resulting limitations. Furthermore, the ALJ's assessment of Plaintiff's RFC includes limitations consistent with the physician's diagnosis and the evidence in the record.

For the foregoing reasons, the Court adopts the Report and Recommendation [Doc. No. 21] as though fully set forth herein. The decision of the Commissioner denying Plaintiff's application for benefits is affirmed.

IT IS SO ORDERED this 22nd day of February, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE